UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Jr. Federal
Bldg. & U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

July 15, 2016

To:    Jeffrey Campbell
Plaintiff Pro Se
220900
9A-15
Union County Jail
Elizabeth, NJ 07202

All counsel of record

**LETTER OPINION AND ORDER**

RE:    **Campbell v. Giannetta, et al.**
**Civil Action No. 16-3604 (MCA)(MAH)**

Dear Litigants:

    Presently before the Court is Plaintiff pro se Campbell's application for Pro Bono Counsel pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 2]. For the reasons set forth below, Plaintiff's application is denied.

**Background**

    Jeffrey Campbell ("Plaintiff") brings claims of false arrest, fabricated evidence, falsified documents, loss of liberty, lack of due process and equal protection, malicious prosecution, and illegal search and seizure. See Pl's Compl. at 1. Plaintiff names Carmine Giannetta, Athanasios Mikros, Armando Suarez, and Mara Timourian as Defendants in this action. Id. at 1. Giannetta and Anthanasios are detectives in Elizabeth, New Jersey, Suarez is a prosecutor at the Union County Prosecutor's office, and Timourian is a public defender at the Public Defender's office of the Union Region. Id.

    Plaintiff claims that on March 18, 2015, Giannetta and Mikros conspired against Plaintiff by making fraudulent misrepresentations, fabricating evidence, and making frivolous claims on an affidavit to the Honorable Frederic McDaniel regarding a no-knock search warrant for the

1

Plaintiff's person and property. Id. at 6. Plaintiff claims that Giannetta relied on hearsay information from a non-registered criminal informant that led to the no-knock search warrant on Plaintiff's person and property. Id. at 7. On June 15, 2015, Plaintiff states that when he received the complaint, the affidavit allowing the search warrant had no signature from a judge. Id. After receiving the complaint, Plaintiff reached out to his public defender, Timourian, about the affidavit's lack of signature. Id. On August 14, 2015, Plaintiff requested that Timourian suppress the affidavit due to the missing signature. Id. On September 11, 2015, Plaintiff received the signed affidavit. Id. However, he claims that because there was no file number on the affidavit he received on September 11, the document was signed at a different time than the first affidavit he received on June 15. Id. Plaintiff explained that Prosecutor Suarez knew about the issue with the judge's signature and still prosecuted Plaintiff. Id. Plaintiff seeks financial compensation for his wrongful incarceration and to prosecute all parties who have committed a crime against him. Id.

## Discussion

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point in the litigation, including sua sponte by the Court. Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, a court considers the framework established in Tabron. Montgomery, 294 F.3d at 498–99. Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155). If the applicant's case has some merit, the Court considers the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457–58 (citing Tabron, 6 F.3d at 155–56, 157 n.5). This list is not exhaustive, but provides guideposts for the Court. Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457). A court's decision to appoint counsel "must be made on a case-by-case basis." Tabron, 6 F.3d at 157–58. Also, the Court of Appeals for the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 458).

For purposes of the instant motion to appoint pro bono counsel, the Court will assume that Plaintiff's complaint has at least some merit as he brings what appear to be potentially legitimate claims against Defendants.

Next, Plaintiff's case must be analyzed under each of the Tabron post-threshold factors. Ultimately, consideration of the Tabron factors demonstrate that appointment of counsel is not warranted at this time.

First, Plaintiff appears to be able to present his case. When considering this first factor, courts generally review a plaintiff's education, literacy, prior work experience, and prior litigation experience. Tabron, 6 F.3d at 156. In addition, courts may weigh any restraints placed upon a plaintiff by virtue of the fact that he or she is a prisoner. Montgomery, 294 F.3d at 501; Tabron, 6 F.3d at 156. Plaintiff was able to write his complaint and submit the motion to this court. See Pl's Compl. at 1. Even as a pretrial detainee, Plaintiff was able to obtain the appropriate documents. Id. For these reasons, this first factor weighs against Plaintiff for appointment of counsel.

Second, Plaintiff's claims do not involve complex legal issues. Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)); accord Montgomery, 294 F.3d at 502. Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." Parham, 126 F.3d at 459; see also Montgomery, 294 F.3d at 502–03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised plaintiff's case). Here, appointment of counsel is not warranted because the factual and legal issues involved in the case are not complicated. See Pl's Compl. at 1. Accordingly, the second Tabron factor weighs against Plaintiff because it does not appear that his claims present complex legal issues.

The third factor for consideration is the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue such investigation. It has been noted that "courts should consider a prisoner's inability to gather facts relevant to the proof of his claim." Montgomery, 294 F.3d at 503 (citing Tabron, 6 F.3d at 156). "Courts should further consider that 'it may be difficult for indigent plaintiffs to understand the complex discovery rules' in investigating their claims." Id. (citing Parham, 126 F.3d at 460). Plaintiff has not shown that it will be unduly difficult for him to obtain relevant records because he attached the relevant documents, the signed and unsigned affidavits, as exhibits to his complaint. See Pl's Compl. at 1; see also e.g., Montgomery, 294 F.3d at 503–04 (finding this factor in favor of granting pro bono counsel where missing key records prevented plaintiff from building a sufficient case through document requests and plaintiff encountered significant resistance from defendants in responding to his discovery motions, including defendants' failure to respond to plaintiff's interrogatories). Therefore, the third Tabron factor weighs against the appointment of counsel.

Fourth, it is premature for the Court to conclude that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the Court of Appeals for the Third Circuit has specified that "when considering this factor, courts

should determine whether the case [is] solely a swearing contest." Parham, 126 F.3d at 460. At this early stage of the litigation, the extent to which this case will rest on credibility determinations is not yet apparent. Accordingly, this factor militates neither in favor nor against appointing counsel.

The fifth factor for consideration is whether the case will require the testimony of expert witnesses. Appointment of counsel may be warranted where the case will require testimony from expert witnesses. Tabron, 6 F.3d at 156. Here, it does not appear that expert testimony will be required. Since expert testimony will likely not be needed, the fifth factor weighs against appointing pro bono counsel.

Sixth, Plaintiff's Affidavit of Poverty and Account Certification indicates that Plaintiff does not have the financial capability to obtain an attorney. See Aff. of Poverty and Account Certification at 1. Plaintiff is currently a pretrial detainee who is not employed at his current institution and does not receive any payment or money from his institution. Id. at 2. He also has not received money in any form in the past 12 months. Id. Plaintiff does not have a checking or savings account in his name nor any assets or property. Id. Plaintiff's inability to retain counsel weighs in favor of granting Plaintiff's motion. Nonetheless, indigency alone does not warrant the appointment of counsel absent satisfying the other Tabron factors.

This record does not meet most of the Tabron factors, and, therefore, the Court finds that appointment of pro bono counsel is inappropriate at this time. Cf. Parham, 126 F.3d at 461 (finding appointment appropriate where most factors are met). For all the reasons set forth above, the Court denies Plaintiff's application for the appointment of pro bono counsel without prejudice.

## Conclusion

A balancing of the factors set forth above does not weigh in favor of granting Plaintiff's request for counsel at this time. Therefore, Plaintiff's application of the appointment of pro bono counsel [D.E. 2] is denied without prejudice.

So Ordered,

*/s Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**